IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAMAR ANDERSON,

                                   OPINION AND ORDER

             Plaintiff,

                                   20-cv-901-bbc

    v.

SUE NOVAK, T. ANDERSON, SGT. ROHWER,
ANTONIO RICKERT, LUCAS WEBER,
LUCINDA BUCHANAN AND R.N. VALARIUS,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Lamar Anderson has filed a civil action against staff at Columbia Correctional institution. He contends that staff violated his rights by giving him the wrong medication and then denying him adequate medical care afterward. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A. Because I conclude that plaintiff has failed to state any claim for relief against defendants, I will dismiss this case.

Plaintiff alleges the following facts, which I will accept as true for purposes of screening his complaint.

ALLEGATIONS OF FACT

On February 21, 2019, defendant Antonio Rickert, a correctional officer at Columbia Correctional Institution, passed out evening medication to inmates. When Rickert reached plaintiff's cell, Rickert pulled out four medication cards, scanned them and placed the

1

medication into a cup for plaintiff. After plaintiff ingested the medications, plaintiff noticed that one of the medication cards was not his. He told Rickert, and Rickert notified defendants Sergeant Rohwer, Lieutenant Theodore Anderson, Nurse Valarius and Lucinda Buchanan (the health services manager).

Defendant Valarius saw plaintiff. Plaintiff was drowsy, dizzy, nauseated and he had a headache. Valerius assessed plaintiff's vitals and temperature, determined that he could return to his cell and said that she would bring him medication for the nausea. Valarius never returned with the medication. At around 6:30 a.m. on February 22, plaintiff told another correctional officer that he was still vomiting and feeling nauseated, and the officer said that he would notify health services. Health services did not assess plaintiff again.

OPINION

Plaintiff contends that defendants' actions violated his rights under the Eighth Amendment, the Americans with Disabilities Act and the Rehabilitation Act. Plaintiff's allegations do not state a claim under the ADA or Rehabilitation Act. To state a claim under those Acts, plaintiff would have to allege that he is a qualified person with a disability and that he was denied access to a program or activity because of his disability. Jaros v. Illinois Department of Corrections, 684 F.3d 667, 672 (7th Cir. 2012). Plaintiff has not alleged that he is disabled or that he was denied access to a program or activity because of his disability, so I will not discuss the ADA or Rehabilitation Act further.

To state a claim under the Eighth Amendment, plaintiff would need to allege facts

showing that prison officials acted with "deliberate indifference" to a "substantial risk of serious harm" to his health or safety.  Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Deliberate indifference" means that the officials are aware that the prisoner faced a substantial risk of serious harm or "'excessive risk to [the prisoner's] health or safety,'" but disregard the risk by consciously failing to take reasonable measures to prevent it.  Gevas v. McLaughlin, 798 F.3d 475, 480 (7th Cir. 2015) (quoting Farmer, 511 U.S. at 837); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).  Deliberate indifference requires intentional or reckless disregard for a known danger.  Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).

To state a claim that defendants violated the Eighth Amendment by denying him adequate medical care, plaintiff must allege facts showing that: (1) he had a serious medical need; (2) defendants knew that plaintiff needed medical treatment; and (3) defendants consciously failed to take reasonable measures to provide the necessary treatment.  Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010); Forbes, 112 F.3d at 266.

Plaintiff's allegations do not suggest that any defendant consciously disregarded a substantial risk of serious harm or a serious medical need that required treatment.  Plaintiff alleges that defendant Rickert acted with deliberate indifference by distributing the wrong medication to him, and that the other defendants acted with deliberate indifference by failing to insure that he received adequate medical treatment afterward.  However, plaintiff's allegations suggest only that Rickert made a mistake when he gave plaintiff the wrong medication, not that Rickert acted deliberately.  As soon as Rickert realized his mistake, he

3

notified his supervisors and health services. Rickert's one-time mistake does not support a constitutional claim. Mistakes, inadvertent errors, negligence, gross negligence and even malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996).

As for the remaining defendants, plaintiff alleges that Nurse Valarius assessed him shortly after she was notified that he had ingested the medication that was not prescribed to him. She assessed his vitals and determined that he could return to his cell. Although Valarius did not provide nausea medication to plaintiff, plaintiff's allegations do not suggest that his one-time ingestion of a medication presented a substantial risk of serious harm to his health or safety. Nor do plaintiff's allegation suggest that the other defendants had any role in determining what treatment plaintiff received after he ingested the medication. Accordingly, plaintiff's allegations do not state any federal claim against any defendant.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Lamar Anderson's failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 5th day of January, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge